## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN AMDALL, and<br>MICHAEL AMDALL,<br><br>      Plaintiffs,<br><br>v.<br><br>ATRIUM WINDOWS AND DOORS, INC.,<br><br>      Defendant.<br>_____<br><br>RUDORTHEA FORBINS,<br>Individually, and As Next Friend of<br>S.F., Minor Surviving Daughter of<br>STEVEN AMDALL,<br><br>      Intervenor,<br><br>v.<br><br>ATRIUM WINDOWS AND DOORS, INC.,<br><br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br><br><br><br>No. 3:16-CV-497-M |

## <u>MEMORANDUM OPINION & ORDER</u>

Before the Court are Defendant's Motion to Remand [Docket Entry #7], and Rudorthea Forbins's and Defendant's Unopposed Motion to Permit Intervention [Docket Entry #16]. For the following reasons, the Motion to Remand is **DENIED**, and the Motion to Permit Intervention is **GRANTED**.

## I.  BACKGROUND

On February 1, 2016, Plaintiffs Steven and Michael Amdall filed this action in Dallas County Court at Law Number 2, alleging Defendant negligently caused their father's death. Defendant removed the case on February 23, 2016, on the basis of diversity jurisdiction,

alleging: (1) Plaintiffs are citizens of Texas; and (2) Defendant is a citizen of Delaware, where it is incorporated, and North Carolina, where its principal place of business is located. Plaintiffs moved to remand, alleging Defendant's principal place of business is in Texas. Defendant filed a Response [Docket Entry #9]. Plaintiffs did not file a Reply.

While the Motion to Remand was pending, Rudorthea Forbins filed her Motion seeking to intervene as a plaintiff, claiming she was the decedent's wife, and the mother of his minor child, and thus has an interest in any recovery in this case.

## II. ANALYSIS

### a. MOTION TO REMAND

District courts generally may hear a case only if it involves a question of federal law or if complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The party seeking to invoke federal diversity jurisdiction bears the burden of establishing it. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir. 1983)).

Because no federal question is presented in this case, the Court must determine whether Defendant has met its burden of demonstrating that removal was proper on the basis of diversity. For a case to be removed based on diversity, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). A corporation is a citizen of both

its state of incorporation and the state of its principal place of business. *Karage v. First Advantage Corp.*, 2009 WL 2568261, at *2 (N.D. Tex. Aug. 19, 2009) (Lynn, J.).  A corporation's "principal place of business" is the place where its officers direct, control, and coordinate its activities, the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

It is uncontested that Plaintiffs are citizens of Texas and that Defendant is incorporated in Delaware.  Plaintiffs allege Defendant's principal place of business is in Texas, pointing to corporate filings and previous lawsuits which identify Dallas, Texas, as Defendant's headquarters.  Defendant admits that, until recently, it was headquartered in Dallas, but claims it moved its principal place of business to North Carolina before this suit was filed.

When an individual moves to another state, courts apply a presumption of continuing domicile: the individual's original domicile is presumed to remain unless evidence shows that the individual changed his or her residence and intends to remain in the new state indefinitely. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). Relying on an unpublished case from the Southern District of Alabama, Plaintiffs argue that the presumption of continuing domicile also applies to corporations' citizenship. *See Branch Banking and Trust Co. v. R&T Rentals, LLC*, 2011 WL 1539939, *5 (S.D. Ala. April 4, 2011). To defeat that presumption, Plaintiffs argue, Defendant bears the burden of establishing that it has "completely and unequivocally" relocated its principal place of business to North Carolina, and intends to maintain its headquarters there indefinitely.  Mot. [Docket Entry #4] at 3. Assuming, without deciding, that such a presumption applies to corporations, Defendant has borne its burden of demonstrating that it has moved its principal place of business.

"In cases removed from state court, diversity must exist both at the time of filing in

state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th

Cir. 1996). Here, the relevant period is February of 2016. Defendants have provided evidence

that, since mid-2015, its highest ranking officers have controlled its operations from North

Carolina. A sworn affidavit of Defendant's General Counsel and Secretary, Robert M. Reed,

Jr., states: (1) in April 2015, Defendant underwent a corporate reorganization which included

moving corporate functions, specifically the offices of the CEO, CFO, Director of Finance, and

Director of Strategic Planning, from Texas to North Carolina; (2) hence, for the past twelve

months, the highest ranking officers at the company have maintained their offices in North

Carolina; and (3) none of the members of Defendant's board of directors live and work in

Texas. Resp. [Docket Entry #9], Ex. A.

The Reed Affidavit also states that, since the reorganization, the "ultimate and highest

level business decisions on marketing, sales, operations, business development and strategy,

budgeting, finance, accounting, and human resources" have been made by the CEO and CFO

"from their offices in Welcome, North Carolina." *Id.* at ¶ 7–8. Defendant's CEO decides and

establishes policies, plans, and strategies for the company, makes all hiring and firing decisions

for management positions, and approves all Defendant's material contracts, litigation

settlements, and transactions. *Id.* The Reed Affidavit attaches business cards for Defendants'

CEO and CFO, which list North Carolina office addresses, as well as a July 13, 2015 letter to

Defendant's bank, instructing the bank to change the address for Defendant's accounts to a

North Carolina address because, "Atrium is moving [its] corporate headquarters from Dallas to

Welcome, North Carolina." *Id.*, Ex. A-B. Additionally, the Reed Affidavit claims that, in

2015, Defendant's Director of Finance and Director of Strategic Planning moved their

residences and offices to North Carolina, and the number of corporate employees based in

Texas was reduced from fifty-two to eighteen.  *Id.* at ¶ 6.  Finally, the Reed Affidavit states that "it is the intent of Atrium to maintain and keep its corporate headquarters and offices of the CEO and CFO in Welcome, North Carolina."  *Id.* at ¶ 10.

None of the corporate filings or litigation documents Plaintiffs provided relate to any time after March of 2015, and Plaintiffs' evidence does not show that Defendant's officers continued to "direct, control, and coordinate its activities" from Texas after that time.  *Hertz Corp.*, 559 U.S. at 92–93.  Plaintiffs rely on the fact that Defendant's CEO and CFO reside in Utah, not North Carolina, and can perform their corporate functions from there, as the Defendant's books and records are kept on a virtual database.  However, that Defendant's CEO's and CFO's personal residences are in Utah does not show that they do not perform their corporate functions from their offices in North Carolina, as the Reed Affidavit states.  In any case, it is uncontested that they do not perform those functions in Texas.

Plaintiffs further note that Reed lives and works in Dallas, and that Defendant's board meetings took place in Dallas before the corporate reorganization, and more recently have been held in California, not North Carolina.  The parties agree that Defendant's most recent board meetings have not been held in Texas.  That they were previously held in Texas does not show that Texas remains Defendant's "nerve center."  In any case, where a company holds its board meetings is not controlling.  *See Hertz*, 559 U.S. at 93 (holding that a principal place of business is "not simply an office where the corporation holds its board meetings").  The Court finds, by a preponderance of the evidence, that as of the time of suit and thereafter Defendant has not been a citizen of Texas, and complete diversity exists.

### b.  MOTION TO PERMIT INTERVENTION

The Federal Rules of Civil Procedure provide that the Court must permit a person to

intervene if that person timely "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."  Fed. R. Civ. P. 24(a)(2).  Here, Rudorthea Forbins timely seeks to intervene because she has an interest in this case, and the disposition of this action without her participation may impair her ability to protect her interest.  Thus, she is granted leave to intervene.

### III. CONCLUSION

The Motion to Remand is **DENIED**, and Rudorthea Forbins is granted leave to intervene as a plaintiff.  The Clerk of Court is directed to file her Plea in Intervention, attached to the Motion as Exhibit A.

**SO ORDERED.**

July 7, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE